# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ANATOLY LANGER, )<br>)<br>    *Plaintiff* )<br>)<br>*v.* )<br>)<br>JOHN SLATER and SLATERLABS INC., )<br>)<br>    *Defendants* ) | *No. 2:12-cv-62-GZS*<br>**FILED UNDER SEAL** |

### *MEMORANDUM DECISION ON MOTION FOR EX PARTE ATTACHMENT*

The plaintiff has filed an *ex parte* motion for approval of attachment on property of the defendants in the amount of $350,000.00. Motion for Ex Parte Attachment and Attachment on Trustee Process ("Motion") (Docket No. 3) at 1, 4-5. For the reasons that follow, I grant the motion.

### I. Applicable Legal Standard

Maine law, which is applicable to motions for pre-judgment attachment in this court, Fed. R. Civ. P. 64; Local Rule 64; *Ali, Inc. v. Fishman*, 855 F. Supp. 440, 442 (D. Me. 1994), provides that, in order for this court to grant an *ex parte* attachment,

> the Court must find that *it is more likely than not* that Plaintiff will recover an amount greater than any insurance, bond, or other security known to exist *AND either* that: (a) *there is a clear danger* that the Defendant, if notified in advance of the attachment, will remove or conceal the property *or* (b) there is *immediate danger* that Defendant will damage/destroy the property to be attached.

*Carlson v. Rice*, 817 F. Supp. 193, 194 (D. Me. 1993) (emphasis in original).

1

## II. Factual Background

The plaintiff presents the following evidence by affidavit.

The plaintiff, a physician and resident of North York, Ontario, was approached by defendant John Slater, the president of defendant SlaterLabs, Inc., to invest in the acquisition of Outsourcing Solutions Incorporated ("OSI") by SlaterLabs. Affidavit of Dr. Anatoly Langer in Support of Motion for Ex Parte Attachment and Attachment on Trustee Process ("Langer Aff.") (Docket No. 3-1) ¶¶ 1-3. He agreed to fund the acquisition in part. *Id.* ¶ 4. As part of this transaction, SlaterLabs would move its headquarters from Carson City, Nevada, to Lewiston, Maine. *Id.* ¶ 3.

Slater and SlaterLabs executed a Deed of Undertaking dated September 2, 2011, to which the plaintiff was also a party, stating that the plaintiff's investment would be used exclusively to fund the acquisition of OSI and that Slater, as guarantor, would reimburse the plaintiff in full within 15 days should SlaterLabs fail to complete the acquisition of OSI within 60 days. *Id.* ¶ 4; Deed of Undertaking (Docket No. 3-2). Without Slater's personal guarantee, the plaintiff would not have made the investment. Langer Aff. ¶ 8.

The plaintiff wired a total of $350,000.00 to SlaterLabs' bank account between June 24 and August 11, 2011. *Id.* ¶ 10. SlaterLabs failed to complete the acquisition of OSI within 60 days of the date of the Deed of Undertaking. *Id.* ¶ 11. Slater failed to reimburse the plaintiff within the following 15 days. *Id.* ¶ 12. The plaintiff has made numerous requests to Slater for the return of the $350,000.00, and Slater has repeatedly promised to return it. *Id.* ¶¶ 14-17. The money apparently has not been returned the plaintiff. *Id.* ¶¶ 16, 18. Slater has been "incommunicado" since late November 2011. *Id.* ¶ 18.

The plaintiff's attorney has not been able to locate real property or assets owned by Slater other than used cars. Affidavit of Sigmund D. Schutz, Esq.[,] in Support of Motion for Ex Parte Attachment and Trustee Process (Docket No. 3-5) ¶ 3. He is unaware of any insurance, bond, other security, property or credits, or other attachment or trustee process that is available to satisfy any judgment that the plaintiff may obtain in this action. *Id*. ¶ 2. He is aware of "what appears to be a substantial Nevada State Court judgment against Mr. Slater by other investors." *Id*. ¶ 4.

### III. Discussion

After setting out the foregoing facts, the plaintiff provides only a skeletal argument in support of his motion.

This court has held that the fact that two individual defendants had previously "stripped" a corporation of its assets is not sufficient to meet the Maine standard for an *ex parte* attachment. *Rockport Whale Watch, Inc. v. Hawley*, No. 07-148-P-H, 2007 WL 4531714, at *2 (D. Me. Dec. 18, 2007). In addition, a plaintiff-affiant's personal belief that the defendants will act to make otherwise attachable assets unavailable, without more, is insufficient to meet the "clear danger" prong of the *ex parte* rule. *Carlson*, 817 F. Supp. at 194-95. In any event, the record in this case lacks any such an asserted belief from the plaintiff.

Still, the individual defendant's disappearance, the existence of a judgment against the corporate defendant in favor of "other investors," and the record of Slater's repeated, delaying, and unfulfilled promises to comply with the terms of the Deed of Undertaking combine to convince me that there is a clear danger that the defendants, if notified in advance of this motion for attachment, would remove or conceal any property that might otherwise be available to be attached.

3

The plaintiff has demonstrated that it is more likely than not that he will recover more than $350,000.00 from the defendants in this action. Because the plaintiff has made no attempt to show that there is immediate danger that the defendants will damage or destroy any particular property that could otherwise be attached, that alternative portion of the *ex parte* test is not applicable in this instance.

## IV. Conclusion

For the foregoing reasons, the plaintiff's *ex parte* motion for attachment is **GRANTED**.

Dated this 21st day of February, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge